**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————X
:
PATRICIA MADLINGER, on behalf of herself  :
and all others similarly situated,                      :
:
Plaintiff,            :   Civil Action No.
:
vs.                                                               :   **CLASS ACTION COMPLAINT AND**
:   **JURY TRIAL DEMAND**
MIDLAND CREDIT MANAGEMENT, INC.,  :
:
Defendant.          :
:
————————————————— X

Plaintiff PATRICIA MADLINGER (hereinafter "Plaintiff"), on behalf of herself

and all others similarly situated, by and through his undersigned attorney, alleges against

the above-named Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter

"Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for statutory damages and declaratory and

injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the

Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief, Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant") is a California corporation with its principle place of business located at 8875 Aero Drive, Suite 200, San Diego, California

92123.

9.      Defendant is a company that acts as a debt collector, as defined by §

1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its

business, the principal purpose of which is to collect, or attempt to collect, directly or

indirectly, defaulted consumer debts.  Defendant operates a nationwide defaulted debt

collection business, and attempts to collect debts from consumers in virtually every state,

including consumers in the State of New Jersey via collection letters, phone calls, credit

reports and lawsuits.  In fact, Defendant was acting as a debt collector, as that term is

defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from

Plaintiff.

10.      Defendant is a bad debt buyer that buys/obtains large portfolios of

defaulted consumer debts for pennies on the dollar, which it then collects upon.

Defendant's principal, if not sole, business purpose is the collection of defaulted

consumer debts originated by others.

11.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C.

§1692(a)(6).

## CLASS ACTION ALLEGATIONS

12.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23

of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all

New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters and/or notices from the Defendant which are in violation of the

FDCPA, as described in this Complaint.

13.    This Action is properly maintained as a class action. The Class consists of:

**Class 1**

•    All New Jersey consumers who were sent collection letters and/or notices from Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

**Class 2**

•    All New Jersey consumers who were sent collection letters and/or notices from Defendant in a form substantially similar to attached Exhibit B and which included the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

14.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort

to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

16.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors

using the United States Postal Service, telephone and/or the Internet.

17.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

18.    Sometime prior to December 7, 2018, Plaintiff allegedly incurred a financial obligation to Credit One Bank, N.A. ("Credit One") related to a credit card Account ("the Debt").

19.    The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.    The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.    Credit One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22.    Sometime prior to December 7, 2018, Credit One either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

23.    At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

24.    Defendant caused to be delivered to Plaintiff a letter dated December 12, 2018 concerning the alleged Debt, which sought to collect an amount owed of $711.24. Attached as Exhibit A is a copy of the December 12, 2018 collection letter.

25.    The December 12, 2018 was Defendant's initial communication with Plaintiff and was sent via federal express or similar.

26.    Upon receipt, Plaintiff read the December 12, 2018 collection letter.

27.    In response to the December 12, 2018 letter, or about December 27, 2018, Plaintiff sent Defendant a letter seeking validation of the Debt.

7

28.    Subsequent to sending the debt validation letter to Defendant, on January 7, 2019, Plaintiff received another letter in the mail from Defendant. Although this letter was received by Plaintiff on January 7, 2019, it was dated December 7, 2018.  A copy of the December 7, 2018 collection letter is attached as Exhibit B.

29.    Attached as Exhibit C is an email from the United States Postal Service as part of their Informed Delivery Daily Digest program for Plaintiff's address showing that the letter dated December 7, 2018 letter was not received by Plaintiff until January 7, 2019.

30.    Since the December 12, 2018 letter was Defendant's initial communication to Plaintiff, it should have included the disclosures required by section 1692g of the FDCPA, but it did not.

31.    The December 7, 2018 letter also includes the following language:

We will not report your debt to the credit bureaus if you set up a payment plan, make a payment by 3/7/2019 and make all payments as agreed.

("the Credit Reporting Language").

32.    Plaintiff never set up a payment plan, made a payment by March 7, 2019 or made any payments to Defendant.  Yet, Defendant never reported the Debt to one or more of the credit bureaus as threatened in the December 7, 2018 letter.

33.    Additionally, the December 12, 2018 letter contains the following language, "Call our office at 877-243-9173 by 12/27/2018" at the top of the letter in large font and below in the text of he letter again states, "Please respond by calling 877-243-9173 no later than 12/27/2018."  Such language creates a fall sense of urgency since the only offer in the letter is to pay the balance in full.

34.     The December 7, 2018 letter also contained a reply date, but a later date of January 21, 2019, than the date contained in the December 12, 2018 letter.

35.     The December 7, 2018 and December 12, 2018 collection letters were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     The December 7, 2018 and December 12 2018 letters were each a "communication" as defined by 15 U.S.C. § 1692a(2).

37.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

38.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

39.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

40.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

41.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

42.     Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

44.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

47.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

48.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

49.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

50.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

51.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibits A and B**, which violate the FDCPA, by *inter alia*:

> (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

> (c)    Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

> (f)    failing to comply with the disclosure requirements of section 1692g

52.    On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

53.    On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

54.    Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56.     By sending a collection letter, the same as or substantially similar to the December 7, 2018 and/or December 12, 2018 collection letters, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(5), the threating to take any action that cannot legally be taken or that is not intended to be taken;

C.  15 U.S.C. §1692e(8), by communicating or threatening to communicating to any person credit information which known or which should be known to be false, including the failure to communicate that a debt is disputed.

D.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

G.  15 U.S.C. §1692g by failing to provide the disclosures in the initial written communication as required.

H.  15 U.S.C. §1692g(b) by engaging in collection activities  and communications which overshadow or are inconsistent with the consumer's rights.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        December 7, 2019

                                    Respectfully submitted,


                                    By: s/ Lawrence C. Hersh
                                        Lawrence C. Hersh, Esq.
                                        17 Sylvan Street, Suite 102B
                                        Rutherford, NJ  07070
                                        (201) 507-6300
                                        *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: December 7, 2019                 By: s/ Lawrence C. Hersh
                                            Lawrence C. Hersh, Esq

EXHIBIT A

Midland
Credit
Management

2 Soi Sonthisuk Drive
Suite 703
San Diego, CA 92108

**Call our office at 877-243-9173 by 12/27/2018**

12/12/2018                    00020846

020

Patricia Madlinger
7 Prince Charles Dr
Toms River, NJ 08757

**Our offices are open**
Mon-Fri: 5am - 9pm PT
Sat-Sun: 5am - 4:30pm PT
**to discuss your CREDIT ONE BANK, N.A.**
account xxxxxxxxxx0206

| | | | |
|---|---|---|---|
| **Current Servicer** | Midland Credit Management, Inc. | **Current Balance** | $711.24 |
| **MCM Account Number** | 8921 | **Date of Default** | 4/25/2018 |
| **Current Owner** | Midland Credit Management, Inc. | **Last Payment Date** | No Payment on Record. |

Dear Patricia,

Midland Credit Management, Inc., wants to work with you to resolve the above-referenced account. Please respond by calling **877-243-9173** no later than **12/27/2018**.

• Pay your full balance of $711.24
• Call us to see how to qualify for payment plans

The opportunity to pay the amount listed above does not alter or amend your validation rights as described in our previous letter to you. Please contact our office at **877-243-9173** by **12/27/2018** to take advantage of the above. Once you have completely fulfilled your payment arrangement, you will be released of the obligation. We are not obligated to renew this offer.

Thank you for your cooperation in resolving this matter. Upon receipt of this notice, please call no later than 12/27/2018 to pay this account.

Sincerely,

Rachel Clement

Midland Credit Management, Inc.

877-243-9173 Ext 64222

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

AVAL01

## Important Disclosure Information:

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Calls to and/or from this company may be monitored or recorded.

### Basic Information

| Original Creditor | CREDIT ONE BANK, N.A. | MCM Account Number | 8921 |
|---|---|---|---|
| Original Account Number | xxxxxxxxxxxx0206 | Charge-Off Date | 10/26/2018 |
| Current Creditor The sole owner of this debt | Midland Credit Management, Inc. | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030 | Send disputes or an instrument tendered as full satisfaction of a debt to: Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | Physical Payments for Colorado Residents: 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |
|---|---|---|

If your payment method is a credit or debit card, it may be processed through our international card processor. Although our policy is to not charge consumers fees based upon their payment method, your card issuer may elect to do so due to the location of the card processor. If an international transaction fee has been charged by your card issuer, that fee is eligible for reimbursement. You may contact your Account Manager to modify your payment method to avoid these charges in the future and for information to initiate your reimbursement.

**We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:**

**NMLS ID: 934164**

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:** NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA, 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DPRODA

*By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated dialer systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.*

| Street Address | | | |
|---|---|---|---|
| City | | State | ZIP |
| Email | | Cell Phone | |
| Work Phone | | Home Phone | |

EXHIBIT B

**Welcome,** your account has a new home.

12/7/2018

Patricia Madlinger
7 Prince Charles Dr
Toms River, NJ 08757-6571

P4 T60 007

## Account Transfer Details

| | |
|---|---|
| **Original Creditor** | CREDIT ONE BANK, N.A. |
| **Original Account Number** | xxxxxxxxxxxx0206 |
| **Current Servicer** | Midland Credit Management, Inc. |
| **MCM Account Number** | 8921 |
| **Current Owner** | Midland Credit Management, Inc. |
| **Current Balance** | $711.24 |

Call us to take advantage of customized
payment plans
**877-452-7959**

### Account at a Glance

**Current Balance**
**$711.24**

Call us to take advantage of
customized payment plans

**Receive Personalized Service**

Begin your path to your financial
freedom TODAY!

**Reply by**
**1/21/2019,**
Call **877-452-7959**
Mon-Fri: 5am - 9pm PT
Sat-Sun: 5am - 4:30pm PT

**MCMPay.com**

RE CREDIT ONE BANK, N.A.

Dear Patricia,

Welcome! On 11/21/2018, your was sold to Midland Credit Management, Inc., which is now the sole owner of this debt. Midland Credit Management, Inc. ("MCM"), a debt collection company, will be collecting on and servicing your account.

To welcome you to MCM, we'd like to offer you an opportunity to resolve this account with no further letters or phone calls.

MCM is a different kind of debt collector. Here is what to expect:
– A dedicated Account Manager will be assigned to your account
– We will reach out to you by phone and mail over the months to come
– Useful tools and resources online at MCMPay.com

MCM, a partner you can trust.

We value your experience and understand that managing debt can be a difficult process! That is why we set standards for how you are to be treated while working with us. Visit MCMPay.com to learn about our Consumer Bill of Rights or call **877-452-7959** to experience the difference for yourself.

Sincerely,

Tim Bolin, Division Manager

P.S. Any discounts or repayment options do not alter your validation rights as described on the reverse side.



CONSUMER
·BILL OF RIGHTS·

We will not report your debt to the credit bureaus if you set up a payment plan, make a payment by 3/7/2019 and make all payments as agreed.

We are not obligated to renew any offers provided.

 **877-452-7959**

 **MCMPay.com**

 Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

☐ Check here if you provided updated contact information on the reverse side.

| | |
|---|---|
| MCM Account Number | 8921 |
| Current Balance | $711.24 |

Total Enclosed  $ .

Patricia Madlinger
7 Prince Charles Dr
Toms River, NJ 08757-6571

**Manage Your Account Online**
MCMPay.com



**Important Payment Information**

**Make checks payable to:**
**Midland Credit Management**
Enter your MCM Account # on all payments

**877-452-7959**

se habla español
**877-684-0209**

V001

# Important Disclosure Information

Please understand this is a communication from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid. If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment. If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

| Calls to and/or from this company may be monitored or recorded. |
| --- |

| Basic Information | | | |
| --- | --- | --- | --- |
| Original Creditor | CREDIT ONE BANK, N.A. | Current Creditor | Midland Credit Management, Inc. |
| Original Account Number | xxxxxxxxxxxx0206 | Current Servicer | Midland Credit Management, Inc. |
| Charge-Off Date | 10/26/2018 | Charge-Off Balance | $711.24 |

| Important Contact Information | | |
| --- | --- | --- |
| **Send Payments to:**<br>Midland Credit Management, Inc.<br>PO Box 301030<br>Los Angeles, CA 90030-1030 | **Send disputes or an instrument tendered as full satisfaction of a debt to:**<br>Attn: Consumer Support Services<br>2365 Northside Drive Suite 300<br>San Diego, CA 92108 | **Physical Payments for Colorado Residents:**<br>80 Garden Center<br>Suite 3<br>Broomfield, CO 80020<br>**Phone (303) 920-4763** |

The records associated with the CREDIT ONE BANK, N.A.. account purchased by Midland Credit Management, Inc., reflect that you are obligated on this account, which is in default. As the owner of this account, but subject to the rights described above, Midland Credit Management, Inc. is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within thirty (30) days after receiving this notice, you still have the remainder of the thirty (30) days to exercise the rights described above.

If your payment method is a credit or debit card, it may be processed through our international card processor. Although our policy is to not charge consumers fees based upon their payment method, your card issuer may elect to do so due to the location of the card processor. If an international transaction fee has been charged by your card issuer, that fee is eligible for reimbursement. You may contact your Account Manager to modify your payment method to avoid these charges in the future and for information to initiate your reimbursement.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:**

**NMLS ID: 934164**

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

Nonprofit credit counseling services may be available in the area.
**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease

communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA, 92108.

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DVALA

By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated dialer systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.

| Street Address | | | | |
| --- | --- | --- | --- | --- |
| City | | State | | ZIP |
| Email | | Cell Phone | | |
| Work Phone | | Home Phone | | |

EXHIBIT C

 **Gmail**



## Informed Delivery Daily Digest

**USPS** <USPSInformedDelivery@usps.gov>                                                    Mon, Jan 7, 2019 at 9:30 AM
To:

You have mail and packages arriving soon.                                                                                      1/7/2019

 **COMING TO YOUR MAILBOX SOON.**



View all mail on dashboard >



