<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PATRICIA MADLINGER, on behalf of
herself and all others similarly situated,

                    Plaintiff,

                    v.

MIDLAND CREDIT MANAGEMENT, INC.,

                    Defendant.

Civil Action No. 19-21183 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>SHIPP, District Judge</u>

       This matter comes before the Court upon Defendant Midland Credit Management, Inc.'s ("Defendant") Motion to Compel Arbitration. (ECF No. 9.) Plaintiff Patricia Madlinger ("Plaintiff") opposed (ECF No. 14), and Defendant replied (ECF No. 17). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion to Compel Arbitration is denied.

## I.      <u>BACKGROUND</u>

       This case arises out of Plaintiff's credit card account with Credit One Bank, N.A. ("Credit One"). At some time prior to December 7, 2018, Plaintiff allegedly incurred a debt to Credit One following a credit card transaction for "personal, family[,] or household purposes." (Compl. ¶¶ 18–19, ECF No. 1.) Plaintiff asserts that, also prior to December 7, 2018, "Credit One either directly or through intermediate transactions assigned, placed[,] or transferred [Plaintiff's credit

card debt] to Defendant for collection." (*Id.* ¶ 22.) "At the time the [credit card d]ebt was assigned, placed[,] or transferred to Defendant, the [d]ebt was in default." (*Id.* ¶ 23.)

To collect this debt, Plaintiff asserts that Defendant sent her two letters. The first letter, dated December 12, 2018, sought to collect $711.24 and communicated to Plaintiff that "[o]nce you have completely fulfilled your payment arrangement, you will be released of the obligation." (*See generally* Dec. 12, 2018 Correspondence, Ex. A to Compl., ECF No. 1; Compl. ¶ 24.) The second letter, dated December 7, 2018 but not received by Plaintiff until January 7, 2019, informed Plaintiff that Defendant was the sole owner of her credit card debt and that Plaintiff owed $711.24. (*See generally* Dec. 7, 2018 Correspondence, Ex. B to Compl., ECF No. 1; Compl. ¶ 28.) The letter also stipulated that Defendant would "not report [Plaintiff's] debt to the credit bureaus if [Plaintiff] set up a payment plan, [made] a payment by [March 7, 2019,] and [made] all payments as agreed." (Compl. ¶ 31; *see generally* Dec. 7, 2018 Correspondence.) Plaintiff maintains that she "never set up a payment plan, made a payment by March 7, 2019[,] or made any payments to Defendant." (Compl. ¶ 32.) "Yet, Defendant never reported the [credit card d]ebt to one or more of the credit bureaus as threatened in the December 7, 2018 letter." (*Id.*)

On December 7, 2019, Plaintiff filed the instant Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§ 1692, *et seq.*, on behalf of herself and all others similarly situated. (*See generally id.*) Plaintiff asserts that Defendant's two December 2018 letters were threatening, deceptive, and misleading, and violated the FDCPA. (*Id.* ¶¶ 54–56.) Defendant now moves to compel arbitration and dismiss Plaintiff's Complaint, arguing that Plaintiff's original credit card agreement with Credit One "contains a broad arbitration provision that compels Plaintiff to arbitrate any claims related to the subject account." (Def.'s Moving Br. 1, ECF No. 9-1 (further arguing that "Plaintiff also agreed to address any issues relating to her account on an individual (as opposed to a class-wide) basis").)

## II.    LEGAL STANDARD

"Because arbitration is a matter of contract, before compelling arbitration pursuant to the Federal Arbitration Act [('FAA')], a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (citations omitted). "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "By contrast[, however], '[i]f a party has not agreed to arbitrate, the courts have no authority to mandate that he [or she] do so.'" *Hejamadi v. Midland Funding, LLC*, No. 18-13203, 2019 WL 4855624, at *2 (D.N.J. Oct. 2, 2019) (quoting *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999)).

"It is well[-]established that the [FAA] reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'" *Kirleis*, 560 F.3d at 160 (quoting *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003)). "But this presumption in favor of arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Id.* (citation and internal quotation marks omitted).

## III.   DISCUSSION

Defendant asserts that Plaintiff's Credit One credit card was governed by the "Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement" (the "Agreement"), which Plaintiff agreed to by requesting, receiving, and using the credit card. (Def.'s Moving Br. 2–3; *see generally* Agreement, Ex. A to Harwood Aff., ECF No. 9-3.) According to Defendant, the Agreement includes a broad arbitration provision that encompasses any matter relating to Plaintiff's credit card account, including those that pertain to "communications," "collection matters," and "[c]laims based on any theory of law[.]" (Def.'s Moving Br. 3–4;

3

Agreement 8.) Furthermore, Defendant maintains that the arbitration provision "extends the enforceability [of the arbitration provision] to numerous parties other than Credit One . . . itself, and survives in the event of any transfer or assignment of the [credit card a]ccount[.]" (Def.'s Moving Br. 4–5.) Defendant, therefore, argues that, as "a purchaser and assignee of the [credit card a]ccount," Defendant is "a party to the Agreement" and entitled to compel arbitration.[1] (*Id.* at 17–18.)

In *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772–73 (3d Cir. 2013), the Third Circuit provided the standard for district courts to apply in deciding a motion to compel arbitration. The Third Circuit stated:

> [W]hen it is apparent, based on the face of a complaint[] and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.

*Id.* at 776 (internal citations and quotation marks omitted). Here, Plaintiff correctly notes that the Agreement, arbitration provision, and class action waiver were not referenced in the Complaint. (Pl.'s Opp'n Br. 9, ECF No. 14; *see generally* Compl.) Rather, the Agreement and issue of arbitration were raised for the first time in Defendant's instant motion and accompanying brief. (*See generally* Compl.; Def.'s Moving Br. 2–6.) Furthermore, Plaintiff questions whether

---

[1] Defendant alleges Credit One sold its interest in Plaintiff's account and accompanying debt to MHC Receivables, LLC ("MHC") on October 31, 2018. (Def.'s Moving Br. 6.) Defendant asserts that on November 14, 2018, MHC sold its interest to Sherman Originator III, LLC ("Sherman"). (*Id.*) Finally, Defendant states it purchased Sherman's interest on or about November 21, 2018. (*Id.* at 7.)

Defendant is a party to the Agreement, as "there appear to be issues in the chain of title from Credit One . . . to Defendant[.]" (Pl.'s Opp'n Br. 16; *see also id.* at 14–16 ("[I]t is the alleged multiple assignments in the present case, as well as the way the transactions were effectuated, which raises issues as to whether or not Defendant actually acquired the right to enforce the arbitration provision in the . . . [A]greement.").)

"Because the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion." *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018); *see also Guidotti*, 716 F.3d at 776; *Hejamadi*, 2019 WL 4855624, at *3–4; *Tailor v. Midland Funding, LLC*, No. 18-11320, 2019 WL 494622, at *4 (D.N.J. Feb. 7, 2019) ("Because the Amended Complaint does not establish on its face that the parties agreed to arbitrate, the Court cannot decide the present motion [to compel arbitration] without first ordering limited discovery as to the question of arbitrability, and it would be inappropriate to apply a Rule 12(b)(6) standard.").

The Court, therefore, denies Defendant's Motion to Compel Arbitration without prejudice and orders the parties to conduct limited discovery regarding the issue of arbitrability. Once completed, Defendant may file a renewed motion to compel arbitration, which will be reviewed under a summary judgment standard pursuant to Federal Rule of Civil Procedure 56. *See Guidotti*, 716 F.3d at 776.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration is denied without prejudice. The Court will enter an Order consistent with this Memorandum Opinion.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**