UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA MADLINGER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Civil Action No. 19-21183 (MAS) (TJB)<br><br>**ORDER** |

This matter comes before the Court upon the Court's review of the parties' responses to its Order to Show Cause as to why the Court should not dismiss the case for lack of subject matter jurisdiction. (ECF No. 53.)

In response, Plaintiff Patricia Madlinger ("Madlinger") stated that "[i]n light of the United States Supreme Court decision of *Transunion, LLC v. Ramirez*, 141 S. Ct. 2190 (2021) and several recent decisions in this District, Plaintiff is hard pressed to argue that she continues to have Article III standing in this Court." (Pl.'s Response 1, ECF No. 54.) In response, Defendant Midland Credit Management, Inc. ("Midland") requested that the Court order Madlinger to make substantive representations on the issue of whether Madlinger suffered any concrete injury that would give rise to Article III standing before the Court makes a final decision. (Def.'s Response 2, ECF No. 55.)

The Court disagrees with Midland. The Court's Order to Show Cause stated, in relevant part:

> For the Court to have jurisdiction, Madlinger must . . . "allege[] a concrete harm for purposes of Article III standing." *Faherty v. Rubin & Rothman, LLC*, No. 21-650, 2022 WL 1025958, at *3 (D. Conn. Apr. 6, 2022). As it stands, the Court is not persuaded that

Madlinger's Complaint alleges anything more than Midland's statutory violations. *Rohl v. Pro. Fin. Co.*, No. 21-17507, 2022 WL 1748244, at *3 (D.N.J. May 31, 2022) (collecting cases). That is, Madlinger argues that Midland "provided confusing and incorrect information [that] caused [her] a concrete injury in that [she] was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA," resulting in a "actual, concrete injury." (Compl. ¶¶ 43, 46.) After *TransUnion*, concrete harm is dubious as currently pled. That's because the Complaint describes Madlinger's injuries as merely confusion, not knowing what action to take, and being deceived, whatever that means in the abstract. (*See id.* ¶¶ 37-50.) Neither a tangible harm nor an intangible harm, such as "reputational harm[], disclosure of private information, [or] intrusion upon seclusion," are alleged in the Complaint. *Faherty*, 2022 WL 1025958, at *3 (quoting *TransUnion*, 141 S. Ct. at 2204). In fact, Madlinger expressly states that Midland "never reported" her debt to the credit agencies. *Compare, e.g., TransUnion LLC*, 141 S. Ct. at 2204 (finding standing for plaintiffs whose incorrect credit reports were disseminated to third-party businesses because it resembled defamation at common law). . . . The Court orders Madlinger, therefore, to file correspondence showing cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *Finkelman v. Nat'l Football League*, 877 F. 3d 504, 511 (3d Cir. 2017).

Here, the Court afforded Madlinger the opportunity to make substantive representations regarding concrete injury and Madlinger failed to do so. Madlinger, therefore, failed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. The Court, consequently, does not find further briefing warranted.

**IT IS THEREFORE**, on this 30th day of December 2022, **ORDERED** as follows:

1. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. The Clerk shall close the case.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**